UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY WASHINGTON,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-1101 (RWR) |
| **ANTHONY WILLIAMS, et al.,** | : |
| Defendants. | : |

**MAYOR ANTHONY WILLIAMS AND CHAIRMAN CROPP'S MOTION TO DISMISS**

Mayor Anthony Williams and Chairman Cropp,[1] by and through undersigned counsel and the Office of the Attorney General, pursuant to F.R.C.P. 12(b)(6), hereby move that this Honorable Court dismiss the plaintiff's complaint.[2] A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, these defendants are not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

                                                           Respectfully submitted,

                                                           ROBERT J. SPAGNOLETTI
                                                           Attorney General for the District of Columbia

                                                           GEORGE C. VALENTINE
                                                           Deputy Attorney General
                                                           Civil Litigation Division

                                                           */s/ Holly M. Johnson /s/*
                                                           HOLLY M. JOHNSON [476331]
                                                           Section Chief
                                                           General Litigation Section III

---

[1] Chairman Cropp does not waive service by filing the instant Motion.
[2] Stephanie Gray, the other defendant, is not a District employee and is not represented by the Office of the Attorney General.


        */s/ Dana K. DeLorenzo /s/*
        DANA K. DELORENZO [468306]
        Assistant Attorney General
        441 4th Street, N.W., 6S61
        Washington, D.C. 20001
        (202) 724-6515
        (202) 727-3625 (fax)
        Dana.delorenzo@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>August 23, 2006</u>, a copy of the foregoing Motion, Memorandum of Supporting Points and Authorities and proposed order was sent via the Court's electronic filing system to the parties and mailed postage prepaid to:

    Timothy Washington
    1425 Saratoga Avenue, NE
    Washington, DC 20018

        */s/ Dana K. DeLorenzo /s/*
        Dana K. DeLorenzo
        Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TIMOTHY WASHINGTON,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-1101 (RWR) |
| | : |
| **ANTHONY WILLIAMS, et al.,** | : |
| | : |
| Defendants. | : |
| | : |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MAYOR WILLIAMS AND CHAIRMAN CROPP'S MOTION TO DISMISS**

Mayor Williams and Chairman Cropp, by and through undersigned counsel, and pursuant to F.R.C.P. 12(b)(6), hereby submit the instant Motion to Dismiss, for the following reasons:

(1) any claims against Chairman Cropp in her individual or official capacity should be dismissed because she has not been served and because she has legislative immunity;

(2) any claims against Mayor Williams in his individual or official capacity should be dismissed for failure to state an actionable claim or, alternatively, because the Mayor is entitled to qualified immunity; and

(3) the plaintiff has failed to state a claim upon which relief can be granted against these defendants.

*Background*

The plaintiff filed the instant Complaint on June 15, 2006, alleging that the D.C. Sex Offender Registration Act ("SORA") violates the Double Jeopardy, *Ex Post Facto*, Equal Protection and Due Process Clauses of the United States Constitution. The plaintiff claims that he was charged with a sex offense in 1977 and sentenced to 15 years under the Youth Act. He

3

alleged that his Youth Act sentenced expired in 1993 but that he was subjected to the District's Sex Offender Registration Act by virtue of his subsequent burglary charge. Mr. Washington claims that SORA violates the above-mentioned rights.

In his Complaint, the plaintiff describes no wrongdoing by the Mayor, no knowledge of or participation by the Mayor in any of the acts alleged in the Complaint. Additionally, the record reflects that Tabatha Braxton signed the Affidavit of Service for Chairman Cropp on July 10, 2006. However, there is nothing in the Affidavit to demonstrate that Ms. Braxton was authorized to accept service on behalf of Chairman Cropp.

### *Standard of Review*

A motion to dismiss for failure to state a claim upon which relief should be granted is appropriate when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994). For the following reasons, the plaintiff's claims against both Mayor Williams and Chairman Cropp must be dismissed with prejudice.

4

**I.	THE PLAINTIFF'S CLAIMS AGAINST CHAIRMAN CROPP IN HER INDIVIDUAL AND/OR OFFICIAL CAPACITY MUST BE DISMISSED.**

Although the plaintiff does not allege any specific wrongdoing by Chairman Cropp, the defendants will assume that she was named as a defendant because she was the Chairman of the Council at the time SORA was passed. In any event, the plaintiff's suit against Chairman Cropp cannot stand because she has not been properly served and she has legislative immunity.

**A.	The Plaintiff Has Not Provided Any Proof that Chairman Cropp Was Properly Served in Accordance with F.R.C.P. 4.**

F.R.C.P. 4(e) authorizes two methods of service on individuals. The first is according to the law of the state and the second is through personal service. The record in this case shows that Tabatha Braxton signed the U.S. Marshals affidavit of service with respect to Chairman Cropp. However, the plaintiff cannot satisfy his burden of proving that Ms. Braxton, admittedly a designee for the Mayor, is authorized to accept service of process for Chairman Cropp. In fact, Ms. Braxton is not authorized to accept service for Chairman Cropp. Therefore, in the absence of any proper service, Chairman Cropp is not a proper party before the Court and any claims against her should be dismissed.

**B.	Alternatively, as Chairman of the Council of the District of Columbia, Chairman Cropp Has Legislative Immunity for Legitimate Legislative Activity.**

In *Kingman Park Civic Ass'n v. Williams*, 2002 U.S. Dist. LEXIS 15254, the United States District Court for the District of Columbia upheld the principle that the Council of the District of Columbia has legislative immunity when its members participate in legislative activity.[3] In *Kingman Park*, the plaintiff civil associations sued Mayor Williams and members of the D.C. Council, challenging the redistricting of the Ward Boundaries as established in the District of Columbia "Ward Redistricting Amendment Act of 2001." *Id.* at *2. The plaintiffs

---

[3] On appeal, the D.C. Circuit "dismiss[ed] the suit against the Council without addressing their assertion of legislative immunity." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033 (D.C. Cir. 2003).

5

claimed that the proposed redistricting violated the Voting Rights Act of 1965 and state law. *Id.* at 3.

The District Court dismissed the claims against the Council members because "elected officials enjoy 'absolute immunity' from suits for damages and equitable relief for actions taken 'in the sphere of legitimate legislative activity.'" *Id.* at *5. Such immunity protects legislators "acting in their legislative capacities from civil rights suits." *Id.* In *Kingman Park*, the court determined that the redistricting was a legitimate legislative activity and therefore, the Council members were entitled to immunity. *Id.* at *6.

Applying the *Kingman Park* analysis to the instant case, Chairman Cropp should be similarly shielded from liability because any alleged involvement in drafting and passing legislation that resulted in the District's SORA was "legitimate legislative activity." Accordingly, any claims against her should be dismissed with prejudice.

## II.   THE PLAINTIFF'S CLAIMS AGAINST MAYOR WILLIAMS IN HIS INDIVIDUAL AND/OR OFFICIAL CAPACITY MUST BE DISMISSED FOR FAILURE TO STATE AN ACTIONABLE CLAIM, AND BECAUSE THE MAYOR IS ENTITLED TO QUALIFIED IMMUNITY.

The plaintiff's Complaint does not identify whether he is suing Mayor Williams in his individual capacity or official capacity or both. Therefore, out of an abundance of caution, Mayor Williams will address all potentials claims. For the reasons cited below, no suit against Mayor Williams can stand based on the plaintiff's allegations in the Complaint.

### A. A Suit Against Mayor Williams in His Individual Capacity Cannot Stand Because the Plaintiff's Complaint Alleges No Wrongdoing by Mayor Williams.

A suit against Mayor Williams in his individual capacity cannot stand because the plaintiff has not alleged any wrongdoing by Mayor Williams. Significantly, the plaintiff does not allege that Mayor Williams had any involvement in the particular circumstances that form the basis of

6

his complaint. Nor does he allege that Mayor Williams had any knowledge about him or the circumstances of his case. In fact, other than the case caption and the identification of Mayor Williams in the first sentence of the text of the Complaint, it does not again mention Mayor Williams. Therefore, Mayor Williams is not a proper defendant in this case, and all claims against him in his individual capacity must be dismissed.

> **B.     Mayor Williams Is Entitled to Qualified Immunity in a Suit Against Him in His Individual Capacity.**

Alternatively, if the plaintiff's complaint is to be read as a suit against Mayor Williams in his individual capacity, Mayor Williams is entitled to qualified immunity. As the United States Court of Appeals for the District of Columbia Circuit explained in *Barham v. Ramsey*, 2006 U.S. App. LEXIS 807 * 14 (internal citations omitted), "[q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"

> The Supreme Court outlined its two-part test for examining claims of qualified immunity:
>
>> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [Mayor's] conduct violated a constitutional right? … If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted).

Here, the plaintiff has not alleged that a "clearly established" right has been violated. Moreover, the SORA has already been upheld as constitutional. *See* Part III, *infra*. Accordingly, the plaintiff cannot recover in a suit against the Mayor in his individual capacity as a matter of law.

### C. A Suit Against Mayor Williams in His Official Capacity is Duplicative of a Suit Against the District.

A suit against Mayor Williams, a District employee in his official capacity, is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."). Therefore, assuming the plaintiff intended to sue Mayor Williams in his official capacity, the Court should dismiss any claims against Mayor Williams in his official capacity with prejudice and substitute the District of Columbia as a defendant.

### III. AS A MATTER OF LAW, THE DISTRICT'S SEX OFFENDER REGISTRATION ACT DOES NOT VIOLATE THE *EX POST FACTO*, DOUBLE JEOPARDY OR DUE PROCESS CLAUSES.

The District of Columbia Court of Appeals squarely addressed the plaintiff's claims that SORA violates the *Ex Post Facto*, Double Jeopardy and Due Process clauses in *In re W.M. et al,* 851 A.2d 431 (D.C. 2004), *cert. denied*, 543 U.S. 1062 (2005).[4] The Court of Appeals relied on recent Supreme Court precedent in *Smith v. Doe et al*, 538 U.S. 84 (2003) and *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003) in its analysis of these issues. In *Smith*, the Supreme Court rejected the plaintiffs' claim that the Alaska Sex Offender Registration Act, which was similar to the District's SORA, was an unconstitutional *ex post facto* law. In *Doe*, the Supreme Court held that the Connecticut Act did not violate procedural due process "by requiring sex offenders to register without affording them a hearing on dangerousness, inasmuch

---

[4] The court's analysis of the plaintiffs' substantive due process claim was limited to an analysis of legislative enactments, not executive action. Therefore, the defendants will address the standard for analyzing substantive due process claims as the result of executive action separately.

as the registration requirement was based on the fact of conviction without regard to dangerousness." *In re W.M.,* 851 A.2d at 435 (internal citations omitted).

The District of Columbia Court of Appeals summarized its own 40-page *In re W.M.* decision as follows:

> We conclude that the Supreme Court has settled most, though not all, of the issues presented in the instant appeals. In line with the reasoning in the Supreme Court's decision on the Alaska act, we hold that the District's SORA is not punitive. Hence the application of SORA to persons who committed sex offenses before it was enacted or who were acquitted of sex offenses by reason of insanity does not, for either of those reasons, offend the Ex Post Facto, Double Jeopardy or Due Process Clauses. In accordance with the Supreme Court's decision on the Connecticut act, we further hold that SORA does not deny procedural ... due process by requiring all persons who have committed sex offenses to register without affording them a hearing on their current dangerousness.
>
> Although the Supreme Court did not decide whether the Alaska and Connecticut laws denied substantive due process, as no such claim was raised in either case, we also reject appellants' challenge to the District of Columbia SORA on that ground. We conclude that SORA does not infringe any *fundamental* rights or liberty interests of appellants and therefore is constitutional so long as it is rationally related to a legitimate governmental goal - a test the law meets easily.

*Id.* at 435 (emphasis in original). Accordingly, as the Court of Appeals' decision is dispositive of the issues raised in the plaintiff's Complaint, his claims that SORA violates *Ex Post Facto*, Double Jeopardy and Due Process clauses should be dismissed with prejudice.

Although not a model of clarity, the plaintiff may be alleging that legislative enactments as well as executive action with regard to SORA violates his substantive due process rights. Any such claim also must be dismissed. The *W.M.* court specifically noted that it was only addressing the "substantive due process standard for *legislative enactments.*" *Id.* at 449 n.22 (emphasis added). However, the *W.M.* court stated that when an executive action is being challenged as a violation of substantive due process rights, the "threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to

9

shock the contemporary conscience." *Id.*, *citing*, *County of Sacramento v. Lewis*, 523 U.S. 833, 827 n.8 (1998). As the Court of Appeals has already ruled that SORA is constitutional, as a matter of law, any actions allegedly taken by Mayor Williams or Chairman Cropp to draft, enact or implement such legislation cannot be so egregious or so outrageous as to shock the conscience.

## IV.   THE PLAINTIFF'S EQUAL PROTECTION CLAIM IS SUBJECT TO ONLY RATIONAL BASIS REVIEW AND SURVIVES SCRUTINY.

It also appears that the plaintiff is making a claim that his right to equal protection under the law was violated. Any such claim must be dismissed. In *Johnson v. Quander*, 370 F. Supp. 2d 79 (D.D.C. 2005), the Honorable Reggie B. Walton provided clear instructions for analyzing an equal protection violation:

> The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." … "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." … However, "when a statute classifies by race, alienage, or national origin," courts must apply a "strict scrutiny" standard of review …

*Id.* at 93 (internal citations omitted).

In this case, the plaintiff does not allege a classification based on race, alienage or national origin. Instead, he appears to argue that he is denied equal protection by virtue of his status as a prior convicted sex offender. Therefore, if the statute is rationally related to a legitimate state interest, the legislation must be upheld.

The District of Columbia Court of Appeals in *In re W.M.* already applied this standard in its substantive due process discussion. Based on its analysis, the court concluded that "SORA easily passes rational basis review." *Id.* at 451; *see also Doe v. Moore*, 410 F.3d 1337, 1348 (11th Cir. 2005) ('Florida's various classifications and sub-classifications for sex offender

registration are rationally related to a legitimate governmental purpose and, therefore, constitutional under the Equal Protection Clause."). Accordingly, as the plaintiff's Complaint has not successfully alleged an equal protection violation, this claim, too, must be dismissed with prejudice.

WHEREFORE, Mayor Williams and Chairman Cropp respectfully request that the Court dismiss the plaintiff's claims.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY WASHINGTON,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Civil Action No. 06-1101 (RWR) |
| | : |
| | : |
| **ANTHONY WILLIAMS, et al.,** | : |
| | : |
| **Defendants.** | : |
| | : |

## ORDER GRANTING MAYOR ANTHONY WILLIAMS AND CHAIRMAN CROPP'S MOTION TO DISMISS

Upon consideration of the Motion to Dismiss, any opposition thereto, and the record herein, it is by the Court this _____ day of _____, 2006,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:   that all of the plaintiff's claims against Mayor Williams are dismissed with prejudice; and it is

FURTHER ORDERED:   that all of the plaintiff's claims against Chairman Cropp are dismissed with prejudice.

_____
Richard W. Roberts
United States District Court

12