UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 06-1101 (RWR) |
| | ) |
| ANTHONY WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, brought this action alleging that the defendants violated his constitutional rights by subjecting him to the requirements of the District of Columbia Sex Offender Registration Act, D.C. Code § 22-4001, *et seq.* (2001). The complaint names as defendants Anthony Williams, the former mayor of the District of Columbia, Linda W. Cropp, the former Chairperson of the District of Columbia Council, and Stephanie Gray, an employee of the Court Services and Offender Supervision Agency ("CSOSA"). Defendants Williams and Cropp have filed a motion to dismiss. Because plaintiff's claims against defendant Williams in his individual capacity and defendant Cropp are barred by legislative or qualified immunity, the motion will be granted in part. Gray has filed a protective motion for an extension of time to file an answer, contending that she has not been properly served. Her motion will be granted.

### BACKGROUND

The District of Columbia Sex Offender Registration Act ("SORA") imposes registration requirements on sex offenders in the District of Columbia and authorizes the Metropolitan Police

Department to inform the community about them through means of public notification. Under the SORA, any person who is convicted or found not guilty by reason of insanity of a registration offense is required to register with CSOSA. D.C.Code § 22-4001(3)(A)(I). "Registration offense" is defined broadly to include any offense involving sexual contact or a sexual act without consent or with a minor, or the attempt or conspiracy to commit such act. D.C.Code § 22-4001(8)(D)-(E). Except for persons subject to lifetime registration, sex offenders are required to register with CSOSA upon their conviction (or acquittal by reason of insanity) and must continue to register until the expiration of any time being served on probation, parole, supervised release, conditional release, convalescent leave, or 10 years after the offender is placed on probation or other form of supervised release or is unconditionally released from detention, whichever is the last to occur. D.C.Code § 22-4002(a). There is no provision for early termination of the registration period. D.C.Code § 22-4002(d).

A person who has committed a lifetime registration offense is required to register with CSOSA for life. D.C.Code § 22-4002(c)-(d). A lifetime registration offense is defined as first or second degree sexual abuse; forcible rape or sodomy; first degree child sexual abuse, carnal knowledge, statutory rape or sodomy committed against a person under 12 years; murder or manslaughter committed before, during or after engaging in or attempting to engage in a sexual act, sexual contact, or rape; and an attempt or conspiracy to commit any of these offenses. D.C.Code § 22-4001(6)(A)-(D). Persons who have committed two or more felony registration offenses or registration offenses against a minor, or persons determined to be sexual psychopaths under D.C.Code §§ 22-3803 through 22-3811, are also subject to lifetime registration. D.C.Code § 22-4002(b)(2)-(4). The registration requirements apply retroactively to offenders who

committed an offense prior to the effective date of the statute. D.C.Code § 22-4001(9)(B)-(C).

Plaintiff alleges that he was convicted of a sex offense in the District of Columbia in 1977 and sentenced to 15 years imprisonment under the Youth Rehabilitation Act, D.C. Code § 24-901, *et seq.* (2001). Compl. at 1. Plaintiff was later convicted of a burglary offense. *Id.* at 2. He claims that because of his latest conviction, he was required to register as a sex offender under SORA. *Id.*

Plaintiff argues that being required to register as a sex offender violates the Constitution's *ex post facto,* double jeopardy, equal protection and due process clauses. *Id.* at 1-2. He seeks monetary damages and to be relieved of complying with the requirements of SORA. *Id.* at 2.

## DISCUSSION

Defendants Williams and Cropp move to dismiss the complaint, citing Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Cropp asserts that she has not been properly served and that she is entitled to legislative immunity. Defendant Williams contends that plaintiff has failed to state a claim upon which relief can be granted and that he is entitled to qualified immunity. Both defendants contend that the case should be dismissed because SORA has been found constitutional by the District of Columbia Court of Appeals.[1]

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain

---

[1] Defendants claim that the District of Columbia Court of Appeals' ruling disposes of the constitutional issues in this case as a matter of law (Defs.' Mot. at 8-9), and they have provided no independent analysis of the claims decided. While that Court's constitutional decision is accorded great weight, it does not bind this Court. With sparse substantive constitutional analysis presented in the parties' memoranda, the question of whether SORA is constitutional is not deemed properly presented for decision under Rule 12(b)(6).

statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences from them in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003).

In resolving a motion to dismiss for failure to state a claim, a court holds a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

I. DEFENDANT CROPP

    A. <u>Service</u>

Defendant Cropp contends that she has not been properly served. The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure and other applicable legal provisions. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)(internal citations

and quotations omitted). To properly serve an individual defendant under Rule 4, a plaintiff either must comply with the law of the state in which the federal district court is located or deliver the summons and complaint to the named defendant or her authorized agent. Fed. R. Civ. P. 4(e)(1)-(2).

Because plaintiff is proceeding *in forma pauperis*, service of process was performed by a United States Marshal. *See* 28 U.S.C. § 1915(d). Generally, *pro se* plaintiffs who depend on Court officers should not be penalized for a court officer's failure to properly effect service of process. *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring). Deference to plaintiffs' *pro se* status, however, cannot justify the exercise of jurisdiction over defendants who have not been served properly. *See Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C. 1997) (service on *pro se* plaintiff's employer not sufficient to effect personal service on employee under Rule 4(e)); *see also Huskey v. Quinlan*, 785 F.Supp. 4, 6 (D.D.C. 1992) (dismissing for lack of personal jurisdiction the *Bivens* claims brought by *pro se* plaintiff proceeding *in forma pauperis* because "[n]othing in the record . . . reflects that any of the Defendants have been properly served"). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

The record indicates that service for Ms. Cropp was accepted by Tabatha Braxton, a staff assistant to the Mayor of the District of Columbia authorized to accept service for him. There is no evidence that Ms. Braxton is qualified to receive service for defendant Cropp as required by Rule 4. Defendant Cropp has not been served in compliance with Rule 4.

B. <u>Legislative Immunity</u>

Defendant Cropp also asserts that since she was a member of the Council of the District of Columbia at the time of the challenged action, plaintiff's claim against her is barred by the doctrine of legislative immunity. State legislators are entitled to absolute immunity for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Members of the District of Columbia Council enjoy the same immunity as do their state counterparts. *Save Our Schools – Southeast & Northeast v. Dist. of Columbia Bd. Of Educ.*, No. 04-1500, 2006 WL 1827654, at *9 (D.D.C. July 3, 2006); *Gross v. Winter*, 876 F.2d 165, 169 (D.C. Cir. 1989). This immunity extends to all actions taken in the sphere of legitimate legislative activity. *Bogan*, 523 U.S. at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)).

Plaintiff alleges that Ms. Cropp violated his constitutional rights by introducing a resolution that led to the enactment of SORA. Pl.'s Opp. to Defts.' Mot. to Dismiss at 1. This action was clearly legislative in nature. Therefore, defendant Cropp is entitled to absolute immunity, and the claim against her will be dismissed.

II. DEFENDANT WILLIAMS

A. <u>Individual Capacity Liability</u>

Plaintiff alleges that he has been unconstitutionally subject to SORA due to actions taken by defendant Williams while he was Mayor of the District of Columbia. Defendant Williams contends that the claim against him in his individual capacity should be dismissed based on qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages" if "their conduct does not violate `clearly established' statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

6

*Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether the plaintiff's allegations are sufficient to defeat a qualified immunity defense, the court must determine: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation is established, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Therefore, as a threshold matter, the court must consider "whether the plaintiff has asserted a violation of a constitutional right at all." *Id.* at 201.

      To satisfy the first prong of this qualified immunity test, the facts alleged by the plaintiff, taken in the light most favorable to him, must show the government official's conduct violated a constitutional right. *Id.* Sex offender registration statutes have consistently withstood constitutional challenge. In *Smith v. Doe*, 538 U.S. 84, 106-07 (2003), the Court held that a sex offender and notification act does not impose punishment and thus is not an ex post facto law when applied to an offender who committed sex offenses before the act was adopted. The Court has also held that such statutes do not deny due process by requiring sex offenders to register without affording them a hearing on dangerousness. *See Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 6-8 (2003). Moreover, the constitutionality of SORA has been directly addressed by the District of Columbia Court of Appeals in *In re W.M.*, 851 A.2d 431(D.C. 2004), *cert. denied,* 543 U.S. 1062 (2005). Relying on the Supreme Court's analysis of similar sex offender registration statutes, the District of Columbia court held that SORA does not violate the *ex post facto*, double jeopardy, or due process clauses. *Id.* at 440-51; *see also Does 1-5 v. Williams*, No. 01-7162, 2003 WL 21466903, at *1 (D.C. Cir. June 19, 2003)(per curiam)(notification provisions of SORA do not violate due process). *Smith*, *Connecticut Dep't of Public Safety*, and *Williams* appear to foreclose an *ex post facto* and due process challenge to

SORA, and the reasoning of *In re W.M.* would foreclose a substantive due process and double jeopardy challenge. 851 A.2d at 446, 450-451(convicted sex offender lacks fundamental right not to be subject to SORA, and since SORA is not punitive, double jeopardy prohibitions inapplicable).

Plaintiff also contends that he has been deprived of equal protection of the laws because incarcerated individuals are subject to SORA, but those on parole or probation are not. The equal protection clause requires that the government not treat similarly situated individuals differently without a rational basis. *Noble v. United States Parole Comm'n*, 194 F.3d 152, 154 (D.C. Cir. 1999). A plaintiff must show he is similarly situated to someone who received more favorable treatment. *Women Prisoners of the Dist. of Columbia Dep't of Corrections v. Dist. of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996).

Plaintiff's equal protection claim seems meritless. SORA imposes its requirements on all sex offenders. *In re W.M.*, 851 A.2d at 436. Contrary to plaintiff's assertion, SORA's provisions apply to both incarcerated offenders and those on parole or probation. *See* D.C. Code § 22-4002(a) (persons are subject to SORA upon conviction and while on parole and probation). For the purpose of evaluating a qualified immunity claim, therefore, plaintiff has likely failed to allege facts sufficient to state a violation of his constitutional rights.

Even if plaintiff has alleged sufficient facts to support a constitutional claim, he would still be required to satisfy the second prong of the qualified immunity test. To defeat a qualified immunity defense, the constitutional right at issue must be clearly established, i.e., "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "The contours of the right" must be sufficiently clear so that a reasonable official

understands that his conduct violated an individual's rights. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The Court should dismiss a claim against an individual official where he was not on notice that his conduct was unlawful. *Briscoe v. Potter*, 355 F. Supp. 2d 30, 47 (D.D.C. 2004).

SORA and other comparable sex offender statutes have survived constitutional challenge. Because there was no violation of a clearly established constitutional right, defendant Williams is entitled to qualified immunity. Plaintiff's claim against him in his individual capacity will be dismissed.

B. Official Capacity Liability

A suit against a government official in his official capacity is not a suit against the official, but the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Atchison v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Because Adrian Fenty is now the Mayor of the District of Columbia, he will be substituted in his official capacity as a party for Anthony Williams. *See* Fed. R. Civ. P. 25(d)(1).

III. DEFENDANT GRAY

Defendant Gray alleges she has not been properly served. The Clerk of the Court issued summonses only for defendants Williams, Cropp, and Gray. Ms. Gray has been personally served, but proper service of a federal employee in this district sued in her official or individual capacity for her official acts requires service upon the United States Attorney for the District of Columbia and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)-(2).

The complaint was filed on June 15, 2006, over nine months ago. Federal Rule of Civil Procedure 4(m) provides that the summons and complaint must be served within 120 days after

the plaintiff's filing of the complaint. However, the Rule also provides "that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed R. Civ. P. 4(m). Through no fault of plaintiff's, summonses were not issued for the United States Attorney and the Attorney General. The Court, therefore, finds good cause for the delay in service and will order the Clerk of the Court to issue a summons for service of process upon the United States Attorney and the Attorney General.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that the motion for leave to file a dispositive motion by defendants Williams and Cropp [4] is GRANTED nunc pro tunc. It is hereby

FURTHER ORDERED that the motion to dismiss by defendants Williams and Cropp [7] is GRANTED IN PART. Claims against defendant Williams in his individual capacity and against defendant Cropp are DISMISSED. It is hereby

FURTHER ORDERED that Mayor Adrian Fenty is substituted in his official capacity for former Mayor Anthony Williams as a defendant. It is hereby

FURTHER ORDERED that the Clerk of the Court issue summonses to the United States Attorney for the District of Columbia and the Attorney General of the United States in order for the United States Marshal to serve process upon them. It is hereby

FURTHER ORDERED that defendant Gray's motion for extension of time to answer or otherwise respond to the complaint [5] is GRANTED. Defendant Gray shall file an answer or otherwise plead within 60 days of service of the summons and complaint upon the

United States Attorney and the Attorney General.

                                                               _____/s/_____
                                                               RICHARD W. ROBERTS
                                                               United States District Judge

DATE: March 21, 2007