UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY WASHINGTON,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-1101 (RWR) |
| **ANTHONY WILLIAMS, et al.,** | : |
| Defendants. | : |

**MAYOR FENTY'S MOTION FOR CLARIFICATION AND/OR RULE 59(e) MOTION REGARDING MARCH 21, 2007 ORDER OR, ALTERNATIVELY, TO DISMISS**

Mayor Adrian Fenty, by and through undersigned counsel and the Office of the Attorney General, pursuant to Fed. R. Civ. P. 59(e) and 12(b)(6), hereby moves that this Honorable Court clarify its March 21, 2007, Memorandum Opinion and Order ("Order") with respect to any official capacity claims that may remain against him. Alternatively, Mayor Fenty asks this Court to reconsider its March 21, 2007 Order and dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. A Memorandum of Points and Authorities is attached hereto.

On April 3, 2007, undersigned counsel contacted plaintiff at the telephone number in the Court record, to seek his consent to the relief requested herein. However, the plaintiff was not at home at the time of the call and undersigned counsel was unable to speak to him about the relief requested herein.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

1

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2007, a copy of the foregoing Motion, Memorandum of Supporting Points and Authorities and proposed order was sent via the Court's electronic filing system to the parties and mailed postage prepaid to:

Timothy Washington
1425 Saratoga Avenue, NE
Washington, DC 20018


*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TIMOTHY WASHINGTON,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-1101 (RWR) |
| **ANTHONY WILLIAMS, et al.,** | : |
| Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MAYOR FENTY'S MOTION FOR CLARIFICATION AND/OR RULE 59(e) MOTION REGARDING MARCH 21, 2007 ORDER OR, ALTERNATIVELY, TO DISMISS**

Mayor Adrian Fenty, by and through undersigned counsel and the Office of the Attorney General, pursuant to Fed. R. Civ. P. 59(e) and 12(b)(6), hereby moves that this Honorable Court clarify its March 21, 2007 Memorandum Opinion and Order ("Order") as it pertains to its decision to substitute him as a defendant in an official capacity suit. Alternatively, Mayor Fenty requests that this Court reconsider that part of its Order that substitutes Mayor Fenty for former Mayor Williams, and dismiss the plaintiff's complaint against Mayor Fenty for failure to state a claim upon which relief can be granted.

*Background*

The plaintiff filed the instant Complaint on June 15, 2006, alleging that the D.C. Sex Offender Registration Act ("SORA") violates the Double Jeopardy, *Ex Post Facto*, Equal Protection and Due Process Clauses of the United States Constitution. He only named Mayor Williams, Chairman Cropp and CSOSA officer Stephanie Gray as defendants.[1] The plaintiff claimed that he was charged with a sex offense in 1977 and sentenced to 15 years under the

---

[1] Stephanie Gray, the other defendant, is a CSOSA employee. She is not a District employee and is not represented by the Office of the Attorney General.

3

Youth Act. He alleged that his Youth Act sentenced expired in 1993 but that he was subjected to the District's Sex Offender Registration Act by virtue of his subsequent burglary charge. Mr. Washington claims that SORA violates his constitutional rights. Mayor Williams and Chairman Cropp filed a Motion to Dismiss, arguing: (1) any claims against Chairman Cropp in her individual or official capacity should be dismissed because she has not been served and is entitled to legislative immunity; (2) any claims against Mayor Williams in his individual or official capacity should be dismissed for failure to state an actionable claim against him, or, alternatively, that the Mayor is entitled to qualified immunity; and (3) the plaintiff has failed to state a claim upon which relief can be granted against these defendants. The plaintiff filed an Opposition and Mayor Williams and Chairman Cropp filed a Reply.

In its March 21, 2007 Order, the Court dismissed with prejudice the Complaint against Chairman Cropp because of improper service and legislative immunity. The Court also dismissed with prejudice the individual capacity suit against Mayor Williams based on qualified immunity. In so doing, the Court determined that *Smith v. Doe*, 538 U.S. 84 (2003), *Connecticut v. Dep't of Public Safety v. Does*, 538 U.S. 1 (2003), and *Does 1-5 v. Williams,* 2003 WL 21466903 (D.D.C. 2003), "appear to foreclose an *ex post facto* and due process challenge to SORA, and that the reasoning of *In re W.M.* [851 A.2d 431 (D.C. 2004)] would foreclose a substantive due process and double jeopardy challenge." (Order at 7-8.) Moreover, the Court determined that plaintiff's equal protection claim lacked merit because "SORA imposes its requirements on all sex offenders." (*Id.* at 8.) The Court concluded that "for the purpose of evaluating a qualified immunity claim, therefore, plaintiff has likely failed to allege facts sufficient to state a violation of his constitutional rights." (*Id.* at 8.) The Court further noted that "SORA and other comparable sex offender statutes have survived constitutional challenge." (*Id.*

at 9.)  Accordingly, Mayor Williams was entitled to qualified immunity because "there was no violation of a clearly established constitutional right." (*Id.* at 9.)

After the Court dismissed the individual capacity suit against Mayor Williams based on qualified immunity, the Court – without any discussion of whether the Complaint actually stated an official capacity claim against former Mayor Williams – *sua sponte* substituted Mayor Fenty for Mayor Williams in an official capacity suit.  (Order at 9.)  Notably, after the dismissal of Mayor Williams and Chairman Cropp, the only remaining defendant was the CSOSA employee, Stephanie Gray, who is a federal employee.  It is from this *sua sponte* Order that Mayor Fenty seeks clarification and/or reconsideration and dismissal.[2]

*Standard of Review*

Fed. R. Civ. P. 59(e) states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Although the Court has "considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Zyko v. DOD*, 180 F. Supp. 2d 89, 91 (D.D.C. 2001), *citing*, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations omitted).  "Rule 59(e) motions 'need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.*

---

[2] In their Motion, the District defendants cited *In Re W.M.,* 851 A.2d. 431 (D.C. 2004), as authority to support their argument regarding the constitutionality of SORA.  The District defendants also cited Supreme Court precedent, including *Smith v. Doe et al*, 538 U.S. 84 (2003), and *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), to bolster the *W.M.* holding.  Even though the Court noted that the Court of Appeals' decision is "accorded great weight," this Court thereafter stated that "the question of whether SORA is constitutional is not deemed properly presented for decision under Rule 12(b)(6)" because of the "sparse substantive constitutional analysis presented in the parties' memoranda." (Order at 3 n.1.)  To the extent that the Court is inviting the parties to file memoranda regarding the constitutionality of SORA, Mayor Fenty would respectfully request leave to do so.

Alternatively, a motion to dismiss for failure to state a claim upon which relief should be granted is appropriate when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994). For the following reasons, any claim against Mayor Fenty in his official capacity should be dismissed with prejudice.

### I. MAYOR FENTY REQUESTS THAT THE COURT CLARIFY ITS ORDER WITH RESPECT TO WHETHER IT DETERMINED THAT THE PLAINTIFF ALLEGED AN OFFICIAL CAPACITY SUIT AGAINST MAYOR FENTY IN THE COMPLAINT.

Only Mayor Williams and Chairman Cropp were named as District defendants in this matter. As noted above, after dismissing Mayor Williams and Chairman Cropp, the Court *sua sponte* substituted Mayor Fenty for Mayor Williams for a purported official capacity suit. (Order at 9.) The Court's substitution appears to assume that the plaintiff intended to sue Mayor Williams in his official capacity even though the Complaint failed to state any facts to support such a suit or claim. Moreover, the District of Columbia was not named as a defendant.

The decision to substitute Mayor Fenty was surprising, especially given that the Court determined that the former Mayor (Williams) is entitled to qualified immunity. Therefore, Mayor Fenty would respectfully request that the Court clarify its basis for substituting Mayor Fenty, *sua sponte*, for former Mayor Williams even though there was no official capacity suit in the Complaint and no remaining claims against either the former Mayor (Williams) of the District of Columbia or Chairman Cropp after the Court issued its ruling.[3]

## II. TO THE EXTENT THAT THE COURT'S ORDER DETERMINED THAT THE PLAINTIFF ALLEGED AN OFFICIAL CAPACITY SUIT AGAINST MAYOR FENTY, THE COURT SHOULD RECONSIDER THAT ORDER BECAUSE THE COMPLAINT DOES NOT PUT MAYOR FENTY ON NOTICE OF SUCH A CLAIM AND IT IS INCONSISTENT WITH THE COURT'S OTHER FINDING THAT THERE WAS "NO VIOLATION OF A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT."

To the extent that the Court reads an official capacity suit in the Complaint, and that that reading was the basis for substituting Mayor Fenty, the Court should reconsider that decision because there was no factual and/or legal basis to substitute Mayor Fenty as a defendant in this case.

First, Mayor Fenty was not named as a party because he was not the Mayor at the time SORA was introduced and passed. Second, the Complaint does not articulate an official capacity suit against the Mayor.[4] Third, the District was not even named as a defendant in this case. Accordingly, the Complaint does not give Mayor Fenty any notice of an official capacity suit.

Moreover, such a substitution is not easily reconciled with the Court's Order to dismiss Mayor Williams and Chairman Cropp with prejudice, based on qualified immunity and

---

[3] Mayor Fenty understands that Fed. R. Civ. P. 25(d) was the Court's mechanism for the substitution. However, Mayor Fenty argues below that there was no legal and/or factual basis for such a substitution, as no official capacity suit was alleged in the Complaint. *See* Parts II and III, *infra*.

[4] Notably, the Complaint is facially void of any words like "official capacity" or any other magic language that can be reasonably interpreted or construed as asserting an official capacity suit against the Mayor.

7

legislative immunity, respectively. This is especially true given that the Court's qualified immunity discussion essentially determined that Mr. Washington's constitutional rights were not violated. *See* Part III(c), *infra*; Order at 9 (concluding that since "SORA and other comparable sex offender statutes have survived constitutional challenge[s]," Mayor Williams is entitled to qualified immunity because "there was no violation of a clearly established constitutional right."). Mayor Fenty submits that, once the Court dismissed the claims against Chairman Cropp and Mayor Williams, based on qualified immunity and legislative immunity, respectively, there were no claims remaining against any District defendant. Accordingly, to correct this apparent error or inconsistency, the Court should reconsider its March 21, 2007, *sua sponte* substitution of Mayor Fenty because the Complaint lacks any notice of such a claim and, given the Court's other finding that Mr. Washington's constitutional rights were not violated by top Government officials in either the legislative or executive branches of government, any official capacity suit against Mayor Fenty should be dismissed with prejudice.

**III.    ALTERNATIVELY, TO THE EXTENT THAT THE COURT FINDS THAT THE PLAINTIFF HAS ALLEGED AN OFFICIAL CAPACITY SUIT AGAINST MAYOR FENTY AND AGREES TO RECONSIDER ITS MARCH 21, 2007 ORDER SUBSTITUTING HIM AS A DEFENDANT, ALL SUCH CLAIMS AGAINST HIM IN HIS OFFICIAL CAPACITY MUST BE DISMISSED FOR FAILURE TO STATE AN ACTIONABLE CLAIM.**

Even if the Court reconsiders its Order and determines that the plaintiff properly alleged in the Complaint an official capacity suit against Mayor Fenty, any such claims should be dismissed with prejudice for the following reasons: 1) an official capacity suit is equivalent to a suit against the District; 2) the plaintiff has not alleged either a policy, practice or custom that caused him injury; and 3) the Court already determined in its qualified immunity discussion that the plaintiff's constitutional rights were not violated; therefore, the plaintiff cannot maintain a suit against Mayor Fenty and/or the District alleging that SORA violates his constitutional rights.

### A. Any Purported Official Capacity Suit is Equivalent to a Suit Against the District.

The Court acknowledges in its Order that an official capacity suit against Mayor Fenty is essentially equivalent to a suit against the District itself. *See* Order at 9 ("A suit against a government official in his official capacity is not a suit against the official, but the official's office."); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."). However, it is because an official capacity suit is considered to be a suit against the office (here, the municipality) that the plaintiff failed to state a claim upon which relief can be granted.

### B. Any Official Capacity Suit, like a Suit Against the District, Must be Dismissed Because Plaintiff Has Not Alleged Any District Policy, Practice or Custom that Caused Him Injury.

The Complaint clearly alleges that SORA violates a number of plaintiff's constitutional rights. However, the Court should dismiss any claims against Mayor Fenty in his official capacity with prejudice because the plaintiff failed to allege a policy or practice that caused him injury. As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate that his injury was caused by a policy or custom that a policymaker of the District approved. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> … a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Here, the plaintiff's Complaint lacks any reference to an unconstitutional policy, custom or practice. Accordingly, any remaining claims against the District or Mayor Fenty should be dismissed for failure to state a claim upon which relief can be granted.

### C. The Court's Finding that there was "No Violation of A Clearly Established Constitutional Right" Defeats Plaintiff's Claim of a Constitutional Violation.

Despite the fact that the Court determined that the constitutionality of SORA was not properly before it, the Court relied on the cases cited by the District defendants in their Motion to make significant legal rulings on the issue of qualified immunity.[5] In so doing, the Court determined that *Smith v. Doe*, 538 U.S. 84 (2003), *Connecticut v. Dep't of Public Safety v. Does*, 538 U.S. 1 (2003) and *Does 1-5 v. Williams* 2003 WL 21466903 "appear to foreclose an *ex post facto* and due process challenge to SORA, and the reasoning of *In re W.M.* would foreclose a substantive due process and double jeopardy challenge." (Order at 7-8.) Moreover, the Court determined that plaintiff's equal protection claim lacked merit because "SORA imposes its requirements on all sex offenders." (*Id.* at 8.) The Court concluded that "plaintiff has likely failed to allege facts sufficient to state a violation of his constitutional rights." (Order at 8.) The Court further concluded that, since "SORA and other comparable sex offender statutes have

---

[5] *See In Re W.M.*, 851 A.2d. 431 (D.C. 2004), *Smith v. Doe et al*, 538 U.S. 84 (2003) and *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003).

survived constitutional challenge[s]," Mayor Williams is entitled to qualified immunity because "there was no violation of a clearly established constitutional right." (Order at 9.)

Therefore, with such findings, it appears inconsistent for the Court to now conclude that the plaintiff has stated a claim upon which relief can be granted with respect to any official capacity suit against Mayor Fenty that is based on his allegations that SORA violated his constitutional rights.

WHEREFORE, Mayor Fenty respectfully requests that the Court dismiss the plaintiff's claims.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY WASHINGTON,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 06-1101 (RWR) |
| **ANTHONY WILLIAMS, et al.,** | : |
| **Defendants.** | : |

**ORDER GRANTING MAYOR FENTY'S MOTION FOR CLARIFICATION AND/OR RULE 59(e) MOTION REGARDING MARCH 21, 2007 ORDER OR, ALTERNATIVELY, TO DISMISS**

Upon consideration of Mayor Fenty's Motion, any opposition thereto, and the record herein, it is by the Court this _____ day of _____, 2006,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:    that the Court's March 21, 2007 Order is hereby reconsidered with respect to any claims against Mayor Fenty; and it is

FURTHER ORDERED:    that all of the plaintiff's claims against Mayor Fenty are dismissed with prejudice.  There are no remaining claims against any District defendants.

_____
Richard W. Roberts
United States District Judge