UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | No. 06-1101 (RWR) |
| ) | |
| v. ) | |
| ) | |
| ANTHONY WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MOTION TO DISMISS OF FEDERAL DEFENDANT STEPHANIE GRAY

Stephanie Gray, an employee of Court Services and Offender Supervision Agency ("CSOSA") sued in her individual capacity, respectfully requests that this Court dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. In summary, for the reasons set forth in this Court's March 21, 2007 Memorandum Opinion and Order, plaintiff's claim against Ms. Gray in her individual capacity cannot overcome qualified immunity and should be dismissed.

In support of this motion, defendant Gray respectfully refers the Court to the accompanying memorandum in support of this motion. A proposed order granting the relief requested herein is also included with this filing.

June 21, 2007                               Respectfully submitted,

       /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

       /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

       /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1101 (RWR) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
STEPHANIE GRAY'S MOTION TO DISMISS**

Plaintiff filed this case naming as defendants in their individual capacities former Mayor of the District of Columbia Anthony Williams, the former Chairperson of the District of Columbia Council Linda Cropp, and Court Services and Offender Supervision Agency ("CSOSA") employee Stephanie Gray. Plaintiff's claims arise from the fact that he is required to register as a sex offender pursuant to the District of Columbia Sex Offender Registration Act ("SORA"). Specifically, plaintiff alleges that the requirement that he register as a sex offender violates the Constitution's ex post facto, double jeopardy, equal protection and due process clauses. Complaint at 1-2. Plaintiff seeks monetary damages and to be relieved from complying with the requirements of SORA. Id. at 2.

On March 21, 2007, this Court entered a Memorandum Opinion and Order dismissing plaintiff's claims against Cropp and against Williams in his individual capacity. As explained by this Court, plaintiff's complaint does not state a claim that can withstand qualified immunity.[1]

---

[1] Although the March 21, 2007 Memorandum Opinion and Order applied to Mayor Williams, the former Mayor of the District of Columbia, its rationale equally applies to Stephanie Gray.

First of all, there was no violation of a constitutional right on the facts alleged and second, even assuming the violation is established, the constitutional right is not clearly established. Memorandum Opinion at 7-9 (Mar. 21, 2007) ("Mem. Op."). Accordingly, this Court held that plaintiff's claims were precluded by the doctrine of qualified immunity. This same holding militates the conclusion that plaintiff's claim against Gray be dismissed.

## ARGUMENT

### I.     12(b)(6) STANDARD

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted. A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level." E.g., Bell Atlantic v. Twonbly, 1275 S.Ct. 1955, 1956 (2007). In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences from them in the plaintiff's favor. Macharia v. United States, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003).

### II.    PLAINTIFF'S CLAIM CAN NOT OVERCOME QUALIFIED IMMUNITY

Plaintiff's claim against Ms. Gray in her individual capacity should be dismissed pursuant to Rule 12(b)(6) because it cannot overcome qualified immunity even if all the facts alleged are taken as true. To determine whether the plaintiff's allegations are sufficient to defeat a qualified immunity defense, the court must determine: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation is established, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 200 (2001). For the second

prong of the qualified immunity test, "the contours of the right" must be sufficiently clear so that a reasonable official understands that her conduct violated an individual's rights. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The Court should dismiss a claim against an individual official where she was not on notice that her conduct was unlawful. Briscoe v. Potter, 355 F. Supp. 2d 30, 47 (D.D.C. 2004).

Plaintiff has not satisfied the first prong of the qualified immunity test. The facts alleged by plaintiff, even taken in the light most favorable to him, do not show that Gray's conduct violated a constitutional right because "sex offender registration statutes have consistently withstood constitutional challenge." Mem. Op. at 7. The Supreme Court has held that a sex offender registration act does not violate the ex post facto clause when applied to an offender who committed sex offenses before the act was adopted because such an act does not impose punishment and is therefore not an ex post facto law. Smith v. Doe, 538 U.S. 84, 106-07 (2003). Also, such statutes do not deny due process even though they require sex offenders to register without affording them a hearing on dangerousness. See Connecticut Dep't of Public Safety v. Doe, 538 U.S. 1, 6-8 (2003). Furthermore, the District of Columbia Court of Appeals has specifically addressed SORA and held that it does not violate the ex post facto, double jeopardy, or due process clauses. In re W.M., 851 A.2d 431, 440-51 (D.C. 2004), cert. denied, 543 U.S. 1062 (2005); see also Does 1-5 v. Williams, No. 01-7162, 2003 WL 21466903, at *1 (D.C. Cir. June 19, 2003)(per curiam). These cases "foreclose an ex post facto and due process challenge to SORA, and...a substantive due process and double jeopardy challenge." Mem. Op. at 7-8.

Plaintiff's equal protection claim is also meritless. The equal protection clause requires that the government not treat similarly situated individuals differently without a rational basis

3

and a plaintiff must show that he is similarly situated to someone who received more favorable treatment. Noble v. U.S. Parole Comm'n, 194 F3d 152, 154 (D.C. Cir. 1999); Women Prisoners of D.C. Dep't of Corrections v. District of Columbia, 93 F.3d 910, 924 (D.C. Cir. 1996). Plaintiff asserts that SORA violates the equal protection clause because it applies to incarcerated individuals but not to those on parole or probation. This claim is meritless because SORA's provisions do apply to both incarcerated offenders and those on parole or probation. See Mem. Op. at 8; D.C. Code §22-4002(a). Therefore, plaintiff has failed to allege any facts sufficient to state a violation of his constitutional rights.

Even if plaintiff has alleged sufficient facts to support a constitutional claim, he clearly has not satisfied the second prong of the qualified immunity test. Obviously, the "contours of the right" are not sufficiently clear for Gray to be on notice that her conduct was unlawful because SORA and other comparable statutes have survived constitutional challenge. Mem. Op. at 9. "Because there was no violation of a clearly established constitutional right" Gray is entitled to qualified immunity. Id. Plaintiff's claim against her in her individual capacity should be dismissed.

## CONCLUSION

For the foregoing reasons, Gray respectfully requests that this Court dismiss plaintiff's claim against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted because plaintiff's claim against Ms. Gray cannot overcome qualified immunity.

June 21, 2007                    Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

/s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

**Certificate of Service**

On June 21, 2007, I caused a copy of the foregoing to be served by first class mail upon *pro se* plaintiff at:

Timothy Washington
1514 8th Street, N.W.
Washington, D.C. 20007

_____/s/_____
JOHN F. HENAULT
ASSISTANT UNITED STATES ATTORNEY