UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TIMOTHY WASHINGTON,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-1101 (RWR) |
| **ADRIAN FENTY,**[1] **et al.,** | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pro se plaintiff Timothy Washington named as a defendant the then-Mayor of the District of Columbia in a civil action alleging that a statute requiring the plaintiff to register as a sex offender violates his constitutional rights. Current Mayor Adrian Fenty has moved to clarify or amend the opinion and order issued March 21, 2007 ("March 21 Order") that dismissed claims against the Mayor in his individual but not official capacity, or to dismiss the complaint for failure to state a claim upon which relief may be granted. The clarification sought will be provided, and the motions to amend or dismiss will be denied.

Construed liberally, as it must be, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the two-and-one-half page handwritten *pro se* complaint seeks damages and injunctive relief, and alleges that, as applied to the plaintiff, the District of Columbia's Sex Offender Registration Act, D.C. Code § 22-4001 et seq. ("SORA"), which requires plaintiff to register as a sex offender, violates his ex post facto, double jeopardy, due process and equal protection rights under the federal

---

[1] Mayor Adrian Fenty was substituted for former Mayor Anthony Williams in a memorandum opinion and order issued March 21, 2007.

constitution. It alleges that the plaintiff was convicted of a sex offense in 1977, long before the SORA was adopted by the D.C. Council in 1999 or took effect on July 11, 2000, and that plaintiff was required to register only because he was subsequently convicted and incarcerated for a burglary offense, a distinction that plaintiff contends is a violation of his due process and equal protection rights.

The complaint identifies as defendants Anthony Williams, the then-Mayor of the District of Columbia, Linda W. Cropp, the then-Chairperson of the Council for the District of Columbia, and Stephanie Gray, a federal employee of the Court Services and Offender Supervision Agency. It does not expressly state whether the action intends individual or official capacity suits against the named defendants. The case caption does, however, identify Williams as the Mayor of the District of Columbia and Cropp as the Chairman of the Council for the District of Columbia. It provides the work address for defendant Gray. Since the *pro se* plaintiff names individuals as defendants but does not specify whether the suit was intended as one against the Mayor in his official or individual capacity, the March 21 Order considered both possibilities.

Mayor Fenty asks whether the March 21 Order determined that the complaint alleged an official capacity claim against the Mayor, and the Mayor argues that the complaint provides no notice of such a claim. Both the face of the complaint and the nature of the allegations provide ample notice that the plaintiff intended official capacity suits against these individuals. Accordingly, the March 21 Order construed the complaint to state an official capacity suit against the Mayor of the District of Columbia, which, as Mayor Fenty acknowledges, is the equivalent of a suit against the District of Columbia. Mayor Fenty was substituted in his official capacity for

Mayor Williams after the former took office, and the official capacity claim against the Mayor survives.

While preserving the official capacity claim against the Mayor, the March 21 Order dismissed any intended individual capacity suit against the Mayor on the grounds of qualified immunity,[2] since the rights plaintiff claimed were violated were not clearly established. From that, Mayor Fenty argues that the March 21 Order held that plaintiff's constitutional rights were not violated, voiding a basis for any surviving claim against the Mayor. The March 21 Order did not so hold. It cast doubt upon the strength of plaintiff's allegations and concluded that he "likely" failed to allege facts sufficient to state constitutional violations. March 21 Order at 8. What it held was that the rights he asserted were not "clearly" established. *Id.* at 9.

The Mayor's alternative motion to dismiss the official capacity suit for failure to state a claim is without merit. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A court considering a Rule 12(b)(6) motion to dismiss assumes all factual allegations to be true, even if they are doubtful. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007); *Kowal v. MCI Communc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged").

The Mayor treats the March 21 Order's dictum in its qualified immunity discussion (that the complaint "likely" failed to state a claim that SORA is unconstitutional) as a holding that the

---

[2] The March 21 Order also dismissed defendant Cropp on other grounds. A later order dismissed defendant Gray on yet other grounds. At this time, only the official capacity suit against the Mayor of the District of Columbia survives.

complaint did fail to state such a claim, and he argues it is inconsistent to permit the claim to survive. As an initial matter, the argument ignores the March 21 Order's observation that because of the "sparse substantive constitutional analysis presented in the parties' memoranda, the question of whether SORA is constitutional is not deemed properly presented for decision under Rule 12(b)(6)." March 21 Order at 3 n.1. Yet, the Mayor offers no more in the way of constitutional analysis in presenting this motion. *See* Def.'s Mem. of P. & A. Supporting Mayor Fenty's Motion ("Fenty's Mot.") at 8.

The Mayor also contends, though, that the complaint has not alleged a practice, policy or custom of the District of Columbia. *See* Fenty's Mot. at 8, 9. This statement is flatly contradicted by the plain language of the complaint, which alleges that the enforcement of a District statute violates the plaintiff's constitutional protections. A codified law of the District certainly qualifies as a practice, policy, or custom of the District of Columbia. *See Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-91 (1978) ("Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.") (internal footnotes omitted). In addition, the complaint alleges that the District's practice in enforcing the law unlawfully discriminates between former sex-offenders who are subsequently sentenced to incarceration for non-sex offenses and former sex-offenders who are not subsequently incarcerated for non-sex offenses. *See* Compl. at 2-3 ("Secondly, I'm made to register as a life time offender, solely on the basis of a burglary charge which I caught after the expiration of the sex offense which is in question here. Ms. Gray explained to me that had I not caught another

offense, then I wouldn't have to register at all.  They target only incarcerated persons thus giving a 'pass' to persons on the street that are on parole, probation, etc.") (spelling, punctuation, and grammar adjusted).

The Mayor also appears to argue that a finding of qualified immunity necessarily disposes of any challenge to the constitutionality of a statute.  *See* Fenty's Mot. at 8.  The law is to the contrary.  A defense of qualified immunity fails only if the officer has violated a clearly established constitutional right.  *See Saucier v. Katz,* 533 U.S. 194, 200 (2001).  Where the "contours of the right" are not so unequivocally established "that a reasonable official would understand that what he is doing violates that right," *Anderson v. Creighton,* 483 U.S. 635, 640 (1987), there is ample room for a statute ultimately to be deemed unconstitutional despite a successful qualified immunity defense.  The Mayor's alternative motion to dismiss for failure to state a claim will be denied.

Because a liberal construction of this *pro se* complaint requires that it be construed to intend an official capacity suit against the Mayor of the District of Columbia, and because the Mayor's motion to dismiss the official capacity suit for failure to state a claim lacks merit, it is hereby

ORDERED that the Mayor's motion to clarify or amend the March 21 Order or, in the alternative, to dismiss the official capacity suit be, and hereby is, GRANTED in part and DENIED in part.  The motion for clarification is granted -- the complaint is construed to allege an official capacity suit against the Mayor of the District of Columbia for the application of an allegedly unconstitutional statute, namely, the SORA.  The motion is denied in all other respects.  It is further

ORDERED that the Mayor of the District of Columbia file an answer or otherwise respond to the complaint within the time permitted by the Federal Rules of Civil Procedure.

Date: April 29, 2009

/s/
RICHARD W. ROBERTS
United States District Judge